IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TORRIA KAE GONZALEZ, Defendant. | 4:11CR3137 MEMORANDUM AND ORDER |

Ms. Gonzalez has filed a motion for compassionate release. There is no dispute that she has exhausted her administrative remedies with the Bureau of Prisons.

I deny the motion.

*Background*

I ordered the probation officer to obtain the defendant's medical records and to submit a report regarding this investigation. That has been done. (Filing 74; Filing 75.) The matter has been briefed. (Filing 77; Filing 80.) And to be thorough, I have taken judicial notice of the entire court file.

It is undisputed that:

(1) in 2012, the defendant was sentenced to a term of 262 months in prison for distribution of methamphetamine;

(2) her criminal history category was VI and she was a career offender;

(3) her projected release date is July 21, 2030;

(4) the defendant is 43 years of age;

(5) according to BOP inmate records, Ms. Gonzalez is taking the following medications: Tegretol, Amitriptyline, Cymbalta, and Losartan Potassium 50 mg;

(6) According to the BOP records, Ms. Gonzalez has depression, HPV, abnormal pap smears (ASCUS), and high blood pressure—in the case of ASCUS, the pap smear revels slightly abnormal squamous cells, but the changes do not clearly suggest that precancerous cells are present;

(7) since being in prison, Ms. Gonzalez reports that she has had lower back pain due to a fall off scaffolding, high blood pressure, PTSD, Depression, HPV, and Atypical squamous cells of undetermined significance (ASCUS). Ms. Gonzalez also reports that she suffers from Depression, PTSD, HPV, and ASCUS;

(8) her adjustment in prison appears to be generally good with only three minor disciplinary matters on her record;

(9) the defendant proposes to live with her daughter in Oklahoma, the release plan appears to be acceptable and the Western District of Oklahoma has agreed to accept supervision of the defendant after their own relocation investigation;

(10) Ms. Gonzalez is currently in custody at Aliceville Federal Correctional Institution. This is a low security federal correctional institution;

(11) According to the BOP website, https://www.bop.gov/coronavirus/ as of September 3, 2020, Aliceville has had eleven confirmed positive tests for COVID-19. There have been zero deaths as a result of COVID-19. All eleven inmates and eight staff members have recovered from the disease. The case counts have not changed significantly since September 3.

*Analysis*

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The statute reads in pertinent part:

> [t]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

After considering the factors enumerated in 18 U.S.C. § 3553(a), I may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* In so doing, I find it helpful to consult, but not be bound by, U.S.S.G § 1B1.13 inasmuch as that policy statement was not amended after the adoption of 18 U.S.C. § 3582(c)(1)(A).

I now find and conclude that the defendant's sentence should <u>not</u> be reduced *even if I assume her relatively young age yet tenuous physical and emotional condition constitute extraordinary and compelling circumstances under the statute or the policy statement. See*, *e.g.*, *United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) (affirming denial of compassionate release motion; stating: "In other words, the district court assumed that Rodd's health and family concerns constituted extraordinary and compelling reasons for compassionate release. Therefore, we need only determine 'whether the district court abused its discretion in determining that the § 3553(a) factors weigh against granting [Rodd's] immediate release.'") (citation omitted.) *See also United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020) (affirming denial of compassionate release motion and noting that: "An application note [to USSG § 1B1.13] acknowledges that the district court is 'in a unique position to determine whether the circumstances warrant a reduction,' after considering the

factors set forth in 18 U.S.C. § 3553(a) and the circumstances listed in the policy statement. *Id.*, comment. (n.4).").

Briefly, I elaborate. The defendant was convicted of a very serious crime. While like all inmates she is in danger of contracting the virus, but where she is situated remains relatively safe and her medical condition relatively stable. She seems to have been well taken care of by the Bureau of Prisons. Furthermore, there is no evidence that she is unable to care for herself in prison.

Given her history as a career offender, and that she is still relatively young, I conclude she remains a threat to the community. Still further, general deterrence must mean something. Just punishment must mean something. The seriousness of the offense must mean something. Promotion of respect for the law must mean something. These sentencing goals do not disappear because a person is sick and vulnerable to the pandemic. Weighing all the § 3553(a)(1)-(7) factors together, Ms. Gonzalez must remain in prison.

IT IS ORDERED that the compassionate release motion (Filing 71) is denied.

Dated this 5th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge