IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>TORRIA KAE GONZALEZ,<br><br>　　　　　　　Defendant. | 4:11-CR-3137<br><br>ORDER |

　　　　The defendant has filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on her post-sentencing rehabilitation and disparities in the sentencing guidelines as applied to actual methamphetamine and methamphetamine mixture. Filing 96. Section 3582(c)(1)(A)(i) permits the Court to modify a term of imprisonment if the defendant—having exhausted her administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A).

　　　　The Court will deny the defendant's motion. This Court and others have elected in some cases to *vary* from the sentencing guidelines to reflect a policy-based disagreement with the methamphetamine guidelines. *United States v. Havel*, No. 4:21-CR-3075, 2023 WL 1930686 (D. Neb. Feb. 10, 2023). But that's an exercise of discretion by the sentencing court—it isn't required by law. *See United States v. Heim*, 941 F.3d 338, 340 (8th Cir. 2019). As such, it's not a "change in the law" that can justify reduction of an "unusually long sentence." *See* § 1B1.13(b)(6).

　　　　And even if it was, it wouldn't apply to the defendant, for two reasons. First, her sentence wasn't based on actual methamphetamine. The

presentence report establishes that the defendant's guidelines sentencing range was premised on 2.55 kg of methamphetamine mixture. *See* filing 49; *see also* filing 54. Second, her total offense level was 34 without regard to drug quantity, because she was a career offender. *See* filing 49 at 9; filing 54.

Nor has the defendant presented a separate "extraordinary and compelling" basis for a reduced sentence. *See id*. Rehabilitation by itself, while commendable, isn't enough in the absence of another circumstance warranting a sentence reduction. *See* § 1B1.13(d). Accordingly,

> IT IS ORDERED that the defendant's motion for compassionate release (filing 96) is denied.

Dated this 4th day of November, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge